### 13666. RAY *v.* WHITTAKER.

Where an action is brought for money expended for the use of another for a particular purpose, an amendment alleging that the money was sent to a third person by the direction of the defendant, to be expended for the purpose in question, does not add a new and distinct cause of action.

DECIDED DECEMBER 12, 1922.

Attachment; from Lincoln superior court — Judge Shurley.

*Colley & Colley,* for plaintiff.    *C. E. Sutton,* for defendant.

LUKE, J. From the petition it appears that the plaintiff and the defendant obtained a verbal option to purchase Oregon mining property upon stated terms, and upon the special condition that at least $500 should be spent in developing the property. With full knowledge of this condition the defendant authorized the plaintiff to spend as much as he deemed right and necessary in such development. "In conformity with all the above, petitioner expended, as set out in the attached bill of particulars, $895.00." A judgment was asked for $347.50, which was one half of the

amount expended less $100 paid by the defendant. The bill of particulars follows:

" Statement."

" Z. J. Ray. I herewith submit to you a statement of monies received from you and expended by me on the Lewis & Clark Mine.

| | |
|---|---|
| Check by Z. J. Ray on Washington Exchange Bank | $250.00 |
| "     "     "     "     "     "     " | 25.00 |
| Check of M. N. Whittaker sent by you | 100.00 |
| By draft on you through Washington Exchange Bank | 500.00 |
| By cash in registered letter | 200.00 |
| Total ........................................ | $895.00 |
| Paid out for expenses and labor on property | $895.00." |

The defendant demurred specially upon the ground that "there was not a sufficient bill of particulars attached to the declaration as to the expenditures." At this stage of the case the defendant agreed, "if plaintiff in his testimony should show a sufficient bill of particulars, to waive this point, or to allow the same to be amended so as to meet his testimony." At the close of the plaintiff's testimony the demurrer was renewed; whereupon, without any ruling on the demurrer, the plaintiff offered his amendment, which, after setting out the case substantially as alleged in the petition, stated: "In carrying out this agreement, and in conformity with all of the above, your petitioner, by the consent and direction of said Whittaker, sent to T. W. Ray, of the State of Oregon, the sum of $895, as set out in the items of the account attached to the declaration in this case, to be expended in carrying out said contract." On motion of the defendant's counsel the amendment was disallowed, upon the ground that it added a new and distinct cause of action. So far as the record shows, the demurrer was not renewed and was never ruled upon.

The question for decision is: Did the amendment add a new and distinct cause of action? We think not. It nowhere negatived the idea that the suit was for money spent in developing the property, or that the money was not so spent. It alleges merely that the money was sent to a certain person, with the consent and by the direction of the defendant, to be expended "in carrying out said contract," i. e., in developing the property.

Since the above ruling necessitates another trial of the case upon the petition as amended, we are not called upon to decide whether

the granting of the nonsuit after the amendment was stricken was error. It may not be amiss to say, however, that, as we see it, the cause of action is for money paid out and expended for the use of another "in the development of said mining property." *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*